UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SUSAN RALPH,

                           Plaintiff,

    -against-

TOWN OF SOUTHAMPTON, CHIEF OF POLICE
ROBERT PEARCE, and LIEUTENANT JAMES
KIERNAN,

                         Defendants.
-----------------------------------------------------------------------X

**ORDER**
15-CV-764 (JFB)(SIL)

**LOCKE, Magistrate Judge:**

On April 7, 2016, Defendants Town of Southampton ("Southampton" or the "Town"), Chief of Police Robert Pearce, and Lieutenant James Kiernan (collectively, "Defendants") filed a motion seeking an Order protecting from disclosure various personnel files of Lieutenant Kiernan and non-party police officer Eric Sickles (the "Personnel Files Motion").[1] See Docket Entry ("DE") [31]. According to Defendants, Officer Sickles' personnel file is both irrelevant to Plaintiff's claims, and protected from disclosure pursuant to N.Y. Civ. Rights Law § 50-a. Id. Plaintiff argued that Officer Sickles' personnel file is relevant because it "may show which individuals in the [Southampton Police Department] were aware of Plaintiff's speech (knowledge), the subject matter of her speech (truthfulness), whether plaintiff was the only employee to speak out (causation/evidence of similarly situated employees), and the state of mind of the people who heard the speech (causation)." See DE [32] at 2.

---

[1] The relevant facts and background are discussed at length in this Court's June 16, 2016 Order granting in part and denying in part Defendants' motion for a protective order, and are not discussed herein. See DE [35].

1

On June 16, 2016, the Court granted in part and denied in part the Personnel Files Motion and directed Defendants to submit Officer Sickles' personnel file to the Court to conduct an *in camera* review "in order to balance the relevance of the personnel file to Plaintiff's claims against Defendants' interest in keeping the personnel file confidential." *See* DE [35] at 18. On June 23, 2016, Defendants submitted Officer Sickles' personnel file for the Court's review. Having reviewed Defendants' submission, the Court concludes that Defendants' interest in keeping Officer Sickles' personnel file confidential outweighs the relevance of the material contained therein.

As the Court previously observed, to prevail on her claim for First Amendment retaliation, Plaintiff will be required to establish: "(1) that the speech at issue was protected, (2) that [s]he suffered an adverse employment action, and (3) that there was a causal connection between the protected speech and the adverse employment action." *Cotarelo v. Vill. of Sleepy Hollow Police Dep't*, 460 F.3d 247, 251 (2d Cir. 2006) (quoting *Diesel v. Town of Lewisboro*, 232 F.3d 92, 107 (2d Cir. 2000)). However, Officer Sickles' personnel file neither contains any reference to Plaintiff's statements regarding Sickles' alleged drug problem and the Southampton Police Department's handling of any such problem, nor identifies any individual who was aware of Plaintiff's statements. Likewise, Officer Sickles' personnel file does not identify any other Southampton Police Department officer who spoke out regarding Officer Sickles' drug problem such that a retaliatory intent could be inferred based on disparate treatment towards Ralph. *See Gronowski v. Spencer*, 424 F.3d 285, 295

(2d Cir. 2005) (holding that evidence of disparate treatment between the plaintiff and other employees substantiated the causal connection necessary to establish First Amendment retaliation). Therefore, the information in Officer Sickles' personnel file is not relevant to Plaintiff's First Amendment retaliation claim, and it need not be produced. *See Cody v. N.Y.S. Div. of State Police*, No. 07-CV-3735, 2008 WL 3252081, at \*3 (E.D.N.Y. July 31, 2008) ("[E]ven where no substantial harm is shown . . . an objection as to the relevance of the documents may prevent their disclosure."); *Mercado v. Div. of New York State Police*, 989 F. Supp. 521, 522 (S.D.N.Y. 1998) ("[A] federal court must balance the plaintiff's interests in disclosure against the state's legitimate concern of protecting the confidentiality of the officers' personnel files from unnecessary intrusions.").

Based on the foregoing, Defendants' motion for a protective order with respect to Officer Sickles' personnel file is granted. A status conference has been set for July 20, 2016 at 10:30 a.m. in courtroom 820 of the Central Islip courthouse.

Dated: Central Islip, New York
June 29, 2016

**SO ORDERED**

 /s Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge